**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHERYL BLANCHARD; et al., | No. 09-35171 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-05166-JKA |
| v. | |
| MORTON SCHOOL DISTRICT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
J. Kelley Arnold, Magistrate Judge, Presiding[**]

Submitted May 25, 2010[***]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

The Blanchards appeal pro se from the district court's order affirming an

administrative decision under the Individuals with Disabilities Education Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.
[**]      Pursuant to 28 U.S.C. § 636(c)(1), the parties agreed to proceed before a magistrate judge.
[***]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

("IDEA"), and granting summary judgment on their claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact and we review de novo its legal conclusions and summary judgment. *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 818 (9th Cir. 2007) (findings of fact and legal conclusions); *Payne v. Peninsula Sch. Dist.*, 598 F.3d 1123, 1126 (9th Cir. 2010) (summary judgment). We affirm.

Based on the evidence in the record, the district court properly concluded that the school district provided the Blanchards' son with a free appropriate public education under the IDEA. *See Van Duyn*, 502 F.3d at 823-25 (no violation of the IDEA where school district materially implemented the individualized educational program and plaintiff failed to proffer evidence to the contrary).

The district court properly granted summary judgment for defendants on the Blanchards' ADA and RA claims because they failed to raise a triable issue as to whether or not the defendants were deliberately indifferent to their disabled son. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (claims for monetary relief under the ADA and the RA require plaintiff to establish intentional discrimination based on deliberate indifference).

09-35171

This court previously affirmed the dismissal of the Blanchards' claims under 42 U.S.C. §§ 1983 and 1985, and we decline to reconsider those claims here. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir. 1995) ("Under law of the case doctrine, [] one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case.").

**AFFIRMED.**